NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 10 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| ANA LIA COELLO-CRUZ, | No. 17-72727 |
| Petitioner, | Agency No. A206-728-508 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 8, 2019**
Seattle, Washington

Before: WATFORD and MILLER, Circuit Judges, and BENITEZ,*** District
Judge.

Ana Coello-Cruz and her daughter Sheeldrey Cruz Coello, natives and

citizens of Honduras, petition for review of the Board of Immigration Appeals'

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Roger T. Benitez, United States District Judge for the
Southern District of California, sitting by designation.

(BIA) order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture. The arguments in their brief challenge only the agency's conclusions regarding Coello-Cruz's claims for asylum and withholding of removal. We deny the petition for review because substantial evidence supports the agency's determination that Coello-Cruz failed to establish that she is a member of the particular social group that she alleges. *See* 8 U.S.C. § 1158(b)(1)(B)(i); 8 U.S.C. § 1231(b)(3)(A).

Coello-Cruz argues that she has a well-founded fear of persecution on account of her membership in a particular social group consisting of women in Honduras who are unable to leave their relationships. Even assuming that *Matter of A-R-C-G-*, 26 I. & N. Dec. 388 (BIA 2014), is still valid, and that Coello-Cruz's proposed particular social group is cognizable under its reasoning, the BIA did not unreasonably conclude that Coello-Cruz failed to demonstrate that she belongs to that group.

Coello-Cruz testified that she came to the United States because she feared her partner, who physically and verbally abused her between 2009 and 2010. On one occasion, he hit her in the face and stomach, causing her to have a miscarriage. Coello-Cruz called the police, who arrived but said they would not get involved with domestic disputes. According to Coello-Cruz, she and her partner "separated"

2

after the incident, and her partner ended the relationship because "he had somebody else." Around the same time, Coello-Cruz secured a court order requiring that her partner leave the house and visit their daughter only at designated times. She lived at the house for two years without any further physical abuse, but her partner continued to threaten that she was "going to pay" if she did not give him the house and their daughter. In 2013, because of the continuing threats, Coello-Cruz moved seven hours away to live with her mother, where she and her daughter stayed for approximately six months before coming to the United States in 2014. During this period, she no longer had any contact with her partner. Based on these facts, substantial evidence supports the BIA's conclusion that Coello-Cruz was able to leave her relationship and therefore was not a member of her proposed social group.

**PETITION FOR REVIEW DENIED.**

3